UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY L. GENTRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.:3:14-CV-191-PLR-HBG |
| | ) |
| DENNIS NICELY, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Plaintiff, Gary Gentry, who is proceeding *pro se,* has filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Defendants are officers of the Union County Sheriff's Department. This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge, H. Bruce Guyton [R. 36]. The Magistrate Judge has recommended that this action be dismissed for Gentry's failure to comply with discovery obligations and the court's orders. There have been no timely objections to the Report and Recommendation, and enough time has passed since the filing of the Report and Recommendation to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

After a careful review of this matter, the Court is in complete agreement with the Magistrate Judge's recommendation that this action be dismissed for Gentry's failure to comply with discovery obligations and with the orders of the court.

The record shows that Gentry filed his Complaint on May 13, 2014. A Scheduling Order was entered by the court on June 30, 2014, setting forth certain deadlines and directives concerning discovery. Defendants filed a motion to compel Gentry to respond to discovery requests on December 12, 2014. The court granted defendants' motion to compel discovery, and admonished Gentry that failure to comply with the court's order could result in the imposition of sanctions, including dismissal of his Complaint, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. Gentry failed to respond to the court's order that he provide discovery to defendants.

On February 16, 2015, defendants moved to dismiss this action for Gentry's failure to comply with the court's orders and his willful, continued refusal to participate in the discovery process. On March 18, 2015, defendants filed a supplement to their motion, stating that defendants received, via mail, documents from Gentry purporting to be initial disclosures. However, the disclosures did not contain information fully responsive to defendants' discovery requests, the disclosures only reiterate what has already been provided by Gentry as initial disclosures, which similarly were not fully responsive to Rule 26's requirements. Defendants contend that Gentry still has not responded to the discovery requests that were originally propounded to him in September 2014, and the time set by the court for compliance has expired.

Federal Rule of Civil Procedure 37 provides that the court may dismiss a case where a plaintiff has failed to comply with a discovery order. Fed.R.Civ.P. 37(b)(2)(A)(v). In deciding whether to dismiss an action under Rule 37, the court must

2

consider the following four factors: (1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before the dismissal was ordered. *Phillips v. Cohen,* 400 F.3d 388, 402 (6th Cir. 2005). While no one factor is dispositive, dismissal is proper if the record indicates delay. *Id.*

The first factor that must be considered is whether Gentry's failure to act is due to willfulness, bad faith, or fault. A willful violation occurs whenever there is a conscious and intentional failure to comply with the court's order. *Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th Cir. 1995). The burden of proof is on the party opposing dismissal to establish that the failure to comply with the court's order was due to inability, and not willfulness, bad faith, or any fault of the party. *Regional Refuse Sys. Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Furthermore, a plaintiff that does not act in bad faith, but "nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim," indicates an intention to allow his case to lapse. *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 739 (6th Cir. 2008). Here, Gentry has presented no evidence to the court showing an inability to comply with the various orders and scheduling requirements in this case. In the court's opinion, Gentry has demonstrated willfulness by failing to act, which indicates an intention to allow his case to lapse. Dismissal is an appropriate sanction "where the party's failure to cooperate with the court's discovery orders is due to willfulness." *Bass,* 71 F.3d at 241.

3

The second factor that must be examined is whether Gentry's inaction prejudiced defendants. A defendant is prejudiced by a plaintiff's conduct where the defendant "wastes time, money and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp. Inc.,* 110 F.3d 364, 368 (6th Cir. 1997). Here, it is clear that Gentry wasted the time and financial resources of defendants by failing to comply with discovery requests and the Scheduling Order. Without discovery, it has been difficult for defendants to anticipate claims, argumentation, or other necessary issues to prepare their own defenses. Therefore, the court finds that defendants have been prejudiced by Gentry's dilatory attitude in this case.

The third factor is whether the dismissed party was warned that failure to cooperate could lead to dismissal. Here, the Magistrate Judge specifically admonished Gentry that failure to comply with the court's order could result in the imposition of sanctions, including dismissal of his Complaint. In addition, after the Magistrate Judge recommended dismissal for refusal to participate in discovery and obey the court's orders, Gentry failed to respond. Therefore, the court finds that Gentry was warned, more than once, that failure to participate in discovery and obey the court's orders could result in dismissal of his Complaint.

Finally, the fourth factor asks whether less drastic sanctions were imposed or considered before dismissal was ordered. As the Sixth Circuit has noted, it would be an abuse of discretion if a dismissal issued "mechanically." *Freeland v. Amigo*, 103 F.3d 1271, 1279 (6th Cir. 1997). In other words, less drastic sanctions must be considered before a dismissal is ordered. The court has considered other potential sanctions and

found them inappropriate. Looking to the history of this case, it is clear that Gentry has failed to participate in discovery and follow the orders prescribed by this court, and he has subsequently caused a loss of time and financial resources to defendants. This kind of behavior is simply unacceptable. The lenient treatment generally accorded to *pro se* litigants has limits. *Jordan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). A plaintiff, acting *pro se,* is still required to comply with the court's Scheduling Order, as well as the Federal Rules of Civil Procedure. *See Haines v. Kerner,* 401 U.S. 519, 520 (1972); *In re Family Resorts of America Inc.,* 972 F.2d 347 at *3 (6th Cir. 1992) (*pro se* status will not excuse a failure to respond properly to discovery requests"). Here, the Magistrate Judge not only gave Gentry the opportunity to respond to defendants' discovery requests, but actually ordered him to do so. Therefore, the court finds that there are no less drastic sanctions, other than dismissal, for Gentry's failure to participate in discovery and obey the orders of the court.

In summary, the court has weighed the factors required of it under *Phillips,* and finds that dismissal of the Complaint is warranted. Accordingly, the Court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). It is **ORDERED,** for the reasons stated above, as well as the reasons in the Report and Recommendation, which the Court adopts and incorporates into its ruling, that defendants' motion to dismiss [R. 32] is hereby **GRANTED**, and Gentry's Complaint is **DISMISSED, with prejudice.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**